UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE STANFORD CHOPPING, INC.<br><br>Debtor(s), | Bankruptcy Case No. 22-11403 |
| LISA HOLDER,<br><br>Plaintiff,<br><br>v.<br><br>AUGUSTAR LIFE ASSURANCE CORP.,<br><br>Defendant. | Case No. 1:24-cv-01265-JLT<br>Adversary Case No. 24-01023<br><br>ORDER DENYING WITHOUT PREJUDICE REQUEST TO WITHDRAW REFERENCE<br><br>(Doc. 1) |

## I. INTRODUCTION

Defendant AuguStar Life Assurance Corporation (ALAC) has moved to withdraw the reference to the United States Bankruptcy Court for the Eastern District of California ("bankruptcy court") pursuant to 28 U.S.C. § 157(d), (e) of an adversary proceeding. (Doc. 1.)[1] For the reasons explained below, the motion is **DENIED WITHOUT PREJUDICE**.

---

[1] The docket of the bankruptcy court through October 29, 2024 is attached to Plaintiff's opposition. (*See* Doc. 3 at 17–31.) The Court also takes judicial notice of the entire docket of Bankruptcy Case No. 22-11403 and Adversary Proceeding Case No. 24-01023, which are accessible online. *See* Fed. R. Evid. 201. Hereinafter, these entries will be referred to as "BK Doc. ##" and "AP Doc. ##," respectively.

1

## II. BACKGROUND

On January 20, 2021, Stanford Chopping, Inc. ("Debtor") filed a petition for bankruptcy relief under Chapter 11 of Title 11 of the United States Code in bankruptcy court. (BK Doc. 1.) The matter was assigned to U.S. Bankruptcy Judge René Lastreto II. On October 18, 2022, Judge Lastreto converted the Chapter 11 case to a Chapter 7 case. (BK Doc. 56.) The Court appointed Plaintiff Lisa Holder as the interim trustee on October 20, 2022, (BK Doc. 57), and she later became the permanent trustee by operation of law. (*See* Doc. 3 at 5, 23; *see also* 11 U.S.C. § 702(d).)

On August 14, 2024, the Trustee filed a Complaint to Avoid Transfers, commencing Adversary Proceeding No. 2024-01023-B against Defendant. (BK Doc. 146.)[2] The original Status Conference in the Adversary Proceeding was scheduled for October 9, 2024. (AP Doc. 3.) In response to an application by Defendant (AP Docs. 7, 12), Judge Lastreto enlarged the time to respond to the Adversary Complaint through October 14, 2024, and the Status Conference was continued to October 23, 2024. (AP Doc. 15.) On October 15, 2024, Defendants filed the pending motion to withdraw reference as well as a motion to dismiss the Complaint to Avoid Transfers. (AP Docs. 17, 18.) On November 20, 2024, Judge Lastreto denied the motion to dismiss without prejudice and continued the status conference to January 15, 2025. (AP Docs. 44–46.) Aside from the pending motion to withdraw reference and a pro hac vice application (Doc. 2), there have been no further filings on the docket in this civil action.

## III. LEGAL STANDARD

Under the Bankruptcy Amendments and Federal Judgeship Act of 1984, "district courts have original jurisdiction over bankruptcy cases and related proceedings," but "'each district court may provide that any or all' bankruptcy cases and related proceedings 'shall be referred to the bankruptcy judges for the district.'" *Wellness Int'l. Network, Ltd. v. Sharif*, 575 U.S. 665, 670 (2015) (quoting 28 U.S.C. § 157(a)); 28 U.S.C. § 1334(a), (b). Pursuant to this authority, this

---

[2] This Complaint to Avoid Transfers alleges that Larry Stanford, an owner and insider of Debtor, applied for and obtained a one-million-dollar life insurance policy from Defendant naming Alex Stanford, another owner and insider of Debtor, as the owner and beneficiary of the policy. (*See generally* BK Doc. 146.) It is further alleged that though Debtor was not the owner of the policy and received no consideration or fair equivalent value, it paid for all of policy premiums, totaling $207,000. (*Id.*; *see also* Doc. 3 at 9.)

2

Court has referred all bankruptcy matters to the district's bankruptcy judges. *See* General Orders 182, 223.

Nonetheless, a district court may "withdraw, in whole or in part, any case or proceeding referred" to the bankruptcy judges under 28 U.S.C. § 157(a) "on its own motion or on timely motion of any party, for cause shown." *Id*. § 157(d).[3] "Among the proper considerations on whether to withdraw the reference, are the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other similar issues." *In re SK Foods, L.P*., 2:13-cv-01363-LKK, 2013 WL 5494071, at *2 (E.D. Cal. Oct. 1, 2013) (citing *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997)). "Withdrawal of the reference is . . . required in instances where a defendant who is entitled to a jury trial does not consent to the holding of such trial in the Bankruptcy Court." *In re Casmiro*, No. 1:06-cv-00028-AWI-SMS, 2006 WL 1581897, at *4 (E.D. Cal. June 6, 2006).

### IV.   ANALYSIS

Defendant argues that withdrawal of the reference is proper here because it is entitled to a jury trial on all the claims, and it does not consent to the holding of a jury trial in bankruptcy court. (Doc. 1 at 4–5.) Plaintiff does not contest Defendant's right to a jury trial but currently opposes withdrawal as premature. (Doc. 3.)

"A district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *Hjelmeset v. Cheng Hung*, No. 17-CV-05697-BLF, 2018 WL 558917, at *3 (N.D. Cal. Jan. 25, 2018) (quoting *In re Orion Pictures Corp*., 4 F.3d 1095, 1101 (2d Cir. 1993)). The *Hjelmeset* court succinctly summarized this analysis and its relevance to a motion to withdraw reference:

> "The determination of whether claims are core or non-core is not dispositive of a motion to withdraw a reference, but characterization of the claims as core or non-core is useful before considering the other factors." *Hawaiian Airlines, Inc. v. Mesa Air Grp., Inc*., 355 B.R. 214, 223 (D. Haw. 2006). The bankruptcy

---

[3] In certain circumstances, withdrawal of reference is mandatory, such as where the case requires material consideration of non-bankruptcy federal law." *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997). No party suggests withdrawal is mandatory in the present circumstances.

>court may hear both core and non-core matters, but may not enter a final judgment in a non-core proceeding. 28 U.S.C. § 157(c)(1). Rather, in non-core proceedings, "the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge." *Id.; see also Field v. Wells Fargo Bank*, No. CIV. 12–510, 2012 WL 6651886, at *2 (D. Haw. Dec. 20, 2012)
>
>In general, a substantive right provided by title 11 is considered a "core" claim, as are those rights that could only arise in a bankruptcy case. *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1081 (9th Cir. 2000). "The existence of core matters weighs in favor of resolution of the adversary proceeding by the bankruptcy court." *In re GTS 900 F, LLC*, No. 2:09–BK–35127–VZ, 2010 WL 4878839, at *4 (C.D. Cal. Nov. 23, 2010). This is because "hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993).

*Hjelmeset*, 2018 WL 558917, at *3–*4.

Plaintiff cites *In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 565–66 (9th Cir. 2012), in support of her argument that the claims raised in the Adversary Proceeding are "core" claims, because the action seeks to recover a fraudulent conveyance. (Doc. 3 at 10.) There, the Ninth Circuit confirmed that Congress specifically enumerated examples of core proceedings in 28 U.S.C. § 157(b)(2) with "a view toward expanding the bankruptcy court's jurisdiction to its constitutional limit." *Id*. at 565. "Fraudulent conveyance" recovery actions are specifically included in this list. 28 U.S.C. § 157(b)(2)(H); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 60, (1989) (confirming fraudulent conveyance actions as core proceedings).[4] This is therefore a "core" action, a conclusion that weighs in favor of the bankruptcy court retaining the matter for pretrial proceedings.

Although a fraudulent conveyance action is a "core" bankruptcy proceeding, bankruptcy judges nonetheless lack constitutional authority to render final judgment in such cases, absent the

---

[4] Defendant suggests that the claims advanced in this action are "non-core" by drawing a distinction between claims involving post-petition contracts and those that involved pre-petition contracts. (Doc. 1 at 5.) Defendant cites *In re Tamalpais Bancorp*, 451 B.R. 6, 10 (N.D. Cal. 2011), which held that "while a claim arising from a post-petition contract regarding the property of the bankruptcy estate is a core proceeding, a claim arising from a pre-petition contract is a non-core proceeding even if the debtor is a party to the contract at issue." However, *Tamalpais* concerned a declaratory judgment claim regarding the ownership of certain tax refunds, a cause of action that did not fall within one of the explicit categories listed in 28 U.S.C. § 157(b). Defendant's argument on this point is therefore not persuasive.

4

defendant's waiver of their Seventh Amendment jury trial rights. *In re Bellingham*, 702 F.3d at 563–66. However, "[a] valid right to a Seventh Amendment jury trial in the district court does not mean the bankruptcy court must instantly give up jurisdiction and that the action must be transferred to the district court." *In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007). Even if a party is entitled to a jury trial in an action, "the bankruptcy court may retain jurisdiction over the action for pre-trial matters." *Id*. This system, whereby bankruptcy courts may oversee pretrial proceedings even in actions where a jury trial right exists, "promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them." *Id*. at 787–88; *see also Bell v. Lehr*, No. 2:13-cv-02483-MCE-KJN, 2014 WL 526406, at *4 (E.D. Cal. Feb. 7, 2014) (finding that withdrawing the reference of an adversary proceeding prior to the conclusion of discovery, settlement conferences, and motion practice "would waste judicial resources and increase delay and costs to the parties, as well as jeopardize the uniformity of bankruptcy administration"). For example, in *In re Sunergy California, LLC*, No. 2:23-CV-00830-DAD-AC, 2023 WL 3582674, at *1–3 (E.D. Cal. May 22, 2023), withdrawal of reference was deemed premature where the bankruptcy court had not yet issued a scheduling order in the adversary proceeding and the pleadings there had not yet settled. Moreover, the party seeking withdrawal had not argued it would be prejudiced by the bankruptcy court conducting pretrial proceedings in this action. *Id*.

Defendant argues that efficiency would not be served by keeping the Adversary Proceeding in bankruptcy court because (1) Judge Lastreto has not yet engaged in the matter in a substantive way, and (2) permitting any motions to be decided by Judge Lastreto would "necessarily expose it to devoting efforts to findings of fact and conclusions of law which will be reviewed De Novo at the District Court" which in turn would require the parties to "martial evidence for a factual presentation before the Bankruptcy Court and then do so all over again before a jury." (Doc. 5 at 3–4.) It is Defendant's position that judicial resources will be saved by "withdrawing the reference at this time and permitting the District Court to consider all motions and supervise discover tailored to the jury trial it will oversee in this matter." (*Id*. at 4.)

The Court is not persuaded by Defendant's arguments. First, as discussed, this Adversary

Proceeding concerns core claims and as such the bankruptcy court generally will be more familiar with such issues. Thus, the interests of judicial efficiency and uniformity of bankruptcy administration would be furthered by retaining the matter in the bankruptcy court until trial. Though Judge Lastreto has not yet engaged in the substance of this action in depth, neither has the undersigned. In fact, there are other Adversary Proceedings associated with *In Re Stanford Chopping* that also concern alleged fraudulent transfers and which appear to be proceeding to substantive stages of litigation. *See, e.g., Lisa Holder v. Silva Auto Group, Inc., et al*., Adv. Case. No. 2024-01024 (Bank. E.D. Cal.) (answer filed Oct. 31, 2024); *Lisa Holder v. Callie Anne Styles, et al*., Adv. Case. No 2024-01025 (Bank. E.D. Cal.) (answer filed Nov. 14, 2024). Therefore, Judge Lastreto is likely to become familiar with facts and issues that may overlap with those presented by the instant matter.[5] For all these reasons, the Court finds that it would be more efficient for pretrial matters in this action to be conducted before the bankruptcy court and will therefore deny the motion to withdraw reference without prejudice.

### V.   CONCLUSION

For the reasons stated above,

1.   Defendant's motion to withdraw the reference (Doc. 1) is **DENIED WITHOUT PREJUDICE**.

2.   The Clerk of the Court is directed to transmit a copy of this order to the United States Bankruptcy Court, Eastern District of California, for filing as a related document on the docket of Adversary Case No. 24-01023.

3.   The Clerk of the Court is further directed to **CLOSE THIS CASE.**

IT IS SO ORDERED.

Dated:   **November 27, 2024**

_____
UNITED STATES DISTRICT JUDGE

---

[5] The Court does not see anything in the record that suggests either side is actively forum shopping or is engaged in any other form of manipulation. Moreover, apart from articulating general efficiency concerns, Defendant has not argued it would be prejudiced by bankruptcy court conducting pretrial proceedings in this matter.